**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 09-2626

———————

UNITED STATES OF AMERICA

v.

HERBERT R. HILL, Jr.,

                                    Appellant.


———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. No. 2-95-cr-00412-001)
District Judge:  Hon. William H. Yohn

———————

Submitted under Third Circuit LAR 34.1(a)
on July 13, 2010

Before: FUENTES, ALDISERT and ROTH, Circuit Judges

(Opinion filed: July 20, 2010)

———————

O P I N I O N

———————

**ROTH**, Circuit Judge:

    Herbert Hill appeals the revocation of his supervised release.  His counsel, after

filing this appeal, moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738

(1967).  We will grant counsel's motion to withdraw and affirm.[1]

Hill faced revocation of his supervised release for failing two breathalyzer tests. After a hearing, the District Court concluded that Hill had been drinking beer, not using Scope, as Hill claimed, on the day of the breathalyzer test and had thereby violated both the policy of his residential reentry program and the terms of his supervised release. Because the court determined that Hill had lied about using Scope, it sentenced Hill to 14 months' imprisonment, the upper end of the Sentencing Guidelines range.

Hill appealed, and his counsel filed an *Anders* brief.  Hill then filed a *pro se* brief in support of his appeal, and the government has also filed a brief supporting counsel's *Anders* motion.

Our inquiry into the merits of counsel's motion to withdraw focuses on two questions.  First, did counsel adequately fulfill the requirements of the Third Circuit Local Appellate Rule 109.2(a)?  *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). Second, does "an independent review of the record present[] any nonfrivolous issues"? *Id.*

Third Circuit Local Appellate Rule 109.2(a) provides that, "[w]here, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief."

---

[1]The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

To fulfill this rule's requirements, counsel must satisfy the Court that he "has thoroughly examined the record in search of appealable issues" and must "explain why the issues are frivolous." *Youla*, 241 F.3d at 300. Counsel's brief "need not raise and reject every possible claim," but "must meet the 'conscientious examination' standard set forth in *Anders*." *Id.*

From our review, we conclude that counsel conscientiously examined the record and explained why Hill's possible claims lacked even arguable merit. In addition, we have reviewed Hill's *pro se* claims. Hill raised several issues concerning the District Court's credibility findings: (1) the court erred in determining that the breathalyzer machine was reliable, (2) the court failed to balance all the evidence at the hearing, (3) the court failed to examine whether Hill's confession to the probation officer was coerced, and (4) the court erroneously credited the probation officer's testimony without considering his racial prejudice against Hill. Hill's first three claims are without arguable merit. The racial prejudice allegation is also without arguable merit, as it was contradicted by Hill's testimony that the probation officer had treated him fairly and "helped him quite a bit."

Our independent review also leads us to conclude that there is no arguable merit to Hill's other claims of ineffective assistance of counsel, cruel and inhuman treatment, and improper sentencing. Ineffective assistance claims, furthermore, are preferably brought in a collateral review under 28 U.S.C. § 2255, not in a direct appeal. *Massaro v. United*

3

*States*, 538 U.S. 500, 504 (2003); *United States v. Thornton*, 327 F.3d 268, 271-72 (3d Cir. 2003).

For the above stated reasons, we conclude that counsel conscientiously examined the record and explained why Hill's appeal is frivolous. Our independent review of the record likewise leads us to conclude that Hill's claims are without merit. Accordingly, we will grant counsel's motion to withdraw and affirm the judgment of the District Court.